

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:15CR162**

**THOMAS LINWOOD HENRY,**

Petitioner.

## MEMORANDUM OPINION

Thomas Linwood Henry, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence ("§ 2255 Motion," ECF No. 24).[1] The Government has responded, arguing that Henry's § 2255 Motion is meritless. (ECF No. 28.) Henry has replied. (ECF No. 30.) For the reasons set forth below, Henry's § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On October 6, 2015, a grand jury charged Henry with one count of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride. (Indictment 1, ECF No. 9.) On December 2, 2015, Henry pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 13.) Prior to sentencing, a Probation Officer determined that Henry "has at least two prior felony convictions of either a crime of violence or a controlled substance offense; therefore, [Henry] is a career offender." (Presentence Investigation Report ("PSR") ¶ 19, ECF No. 17.)[2] On March 16, 2016, the Court entered

---

[1] The Court employs the pagination assigned to Henry's § 2255 Motion by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Henry's § 2255 Motion.

[2] Henry's predicate felony offenses were a 2009 Virginia conviction for possession of heroin with intent to distribute and a 2013 Virginia conviction for distribution of heroin as an

judgment against Henry and sentenced him to 96 months of imprisonment. (J. 2, ECF No. 22.) Henry did not appeal.

On March 12, 2017, Henry placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.)[3] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Henry raises the following claim for relief:

Claim One: "It is Henry's position that since *Mathis v. United States*, 126 S. Ct. 2243 (2016), his Virginia drug crimes no longer qualify as controlled substance offenses, and therefore his sentence must be vacated." (§ 2255 Mot. 4.)

## II. ANALYSIS

Henry relies on the Supreme Court's decision in *Mathis v. United States*, 126 S. Ct. 2243 (2016) to bring his sole claim. In *Mathis*, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act ("ACCA"). *Mathis v. United States*, 136 S. Ct. 2443, 2247–48 (2016). Specifically, *Mathis* requires that courts use the modified categorical approach, meaning that courts must compare the elements of the state crime with the generic version of the enumerated federal offense. *Id.* at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600–01 (1990)). However, Henry was not sentenced as an armed career criminal under the ACCA. Rather, Henry was sentenced under the career offender provision of the United States Sentencing Guidelines ("USSG"). (*See* PSR ¶ 19 (citing USSG

---

accommodation. (PSR ¶¶ 41, 42.)

[3] Henry avers that he executed his § 2255 Motion on "March 12, 2016." (§ 2255 Mot. 13.) Elsewhere, however, Henry indicates that he signed the § 2255 Motion on the "12th Day of March, 2017." (*Id.* at 15.) Because the Court received Henry's § 2255 Motion on March 17, 2017 (*id.* at 14), the Court assumes that he intended to state March 12, 2017 as the execution date.

§ 4B1.1).) As explained below, Henry's challenge to the calculation of his sentence under the sentencing guidelines fails to state a cognizable claim for § 2255 relief.

The Fourth Circuit has noted that "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A "career offender designation [is] not a fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 940; *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *Foote*, 784 F.3d at 932–33) (noting that "a mistaken career offender designation is not cognizable on collateral review"); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances" an error in the calculation of the Sentencing Guidelines is not cognizable in a § 2255 motion); *United States v. Jean*, Nos. 3:13CR136–HEH, 3:16CV16–HEH, 2016 WL 4257763, *1 (E.D. Va. Aug. 11, 2016) ("In a seamless series of cases, the Fourth Circuit has continually held that 'misapplication of the sentencing guidelines does not amount to a miscarriage of justice.'" (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999))).[4] Henry's challenge to his career offender status and resulting sentence under the USSG is not cognizable on collateral review. *See Newbold*, 791 F.3d at 459. Accordingly, Henry's § 2255 Motion will be DENIED.

---

[4] Instead, "it is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence." *Foote*, 784 F.3d at 941. To the extent that Henry intends to argue that he is actually innocent of the career offender enhancement, "the Supreme Court [and the Fourth Circuit have] yet to stretch [the] concept [of sentencing enhancement innocence] to non-capital sentencing." *Id.*

3

## III. CONCLUSION

For the foregoing reasons, Henry's § 2255 Motion (ECF No. 24) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: APR 3 0 2018
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Henry has not satisfied this standard.